# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Leviathan Corporation ) | ASBCA No. 58659 |
| ) | |
| Under Contract No. DABV01-03-D-0001 ) | |

APPEARANCES FOR THE APPELLANT:       David S. Black, Esq.
                                     Gregory R. Hallmark, Esq.
                                       Holland & Knight LLP
                                       Tysons Corner, VA

APPEARANCES FOR THE GOVERNMENT:      Raymond M. Saunders, Esq.
                                       Army Chief Trial Attorney
                                     CPT Jessica E. Edgell, JA
                                       Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE O'CONNELL ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

This matter is before us on the government's motion to dismiss for lack of jurisdiction. We deny the motion.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

This appeal involves a contract awarded by the Coalition Provisional Authority (CPA) in Iraq to appellant's predecessor, Trident International, dated 29 October 2003 (R4, tabs 1, 4, 52). The Rule 4 file contains only a barely legible copy of the first page of the contract. A contracting officer for the United States Air Force signed the contract and issued six delivery orders (R4, tabs 52-57). Appellant fulfilled its duties under the contract, delivering various items of clothing that were accepted by United States military personnel (*see id.* and tab 37).

On 28 June 2004, the CPA dissolved and transferred power to the Iraqi Interim Government. On 30 January 2005, the same date elections were held to choose representatives for the newly formed Iraqi National Assembly, power transferred to the Iraqi Transitional Government. The Iraqi people ratified the Constitution of Iraq by a referendum on 15 October 2005, and on 20 May 2006 the permanent Iraqi government took office. *Harris v. Kellogg, Brown & Root Services, Inc.*, 796 F. Supp. 2d 642, 649 (W.D. Penn. 2011) (citing *Kalasho v. Republic of Iraq*, 2007 WL 2683553, at *6 (E.D. Mich., Sept. 7, 2007)). The government has provided us with a grant of authority by Ali Abdul Amir Allawi, Iraq Minister of Finance, dated 24 December 2005 that

extended administration by the Commander, Multi-National Force-Iraq (MNF-I), of contracts funded by the Development Fund for Iraq[*] (DFI) until 31 December 2006 (gov't mot., ex. 7).

At some point, appellant began experiencing difficulties in obtaining payment for the furnished goods. On 13 November 2006, appellant emailed a Defense Contract Management Agency contracting officer, LT Paul Fox, USN, requesting help in obtaining payment (R4, tab 9). LT Fox analyzed the problem and calculated that the difference between the value of delivered goods and payments documented in the file was $1,221,701.41 (R4, tab 10 at 23-25). In an email to appellant on 25 November 2006, LT Fox observed that "US Government administration" of CPA contracts would end on 31 December 2006 and stated that he was enclosing a "settlement modification." He further stated "This is the final offer I can make on behalf of both the Iraqi and US Governments." (R4, tab 9)

This Modification, No. A00002, provided for "payment of $254,903.92 to be made by the Government of Iraq utilizing [DFI] funds" (R4, tab 6 at 14). The modification went on to state that it "constitutes a full release and accord between Trident International (DBA: Leviathan Corporation), the Government of Iraq, and the United States Government." It further stated that no "future deliveries against these delivery orders [will] be accepted by the Government of Iraq and the United States Government." Finally, it stated that upon execution of the modification, the Joint Contracting Command-Iraq would forward a final payment package to "the payment office." (*Id.*)

At his deposition, now LCDR Fox testified that after execution of the modification, he submitted the payment package to the MNF-I Finance Office, which certified the payment and forwarded it to the Iraqi Ministry of Finance (R4, tab 79 at 27). For reasons that are not clear, appellant did not receive payment. For nearly five years appellant inquired about the payment with constantly changing government personnel to no avail. (R4, tabs 12-42)

In 2011, the Army Contracting Command in San Antonio, Texas, made another effort to resolve this matter and on 7 September 2011 a different contracting officer and

---

[*] The United Nations and the CPA established the DFI to hold various funds for Iraq's reconstruction needs, including (i) deposits from surplus funds in the United Nations "Oil for Food" program, (ii) revenues from export sales of Iraqi petroleum and natural gas, (iii) international donations, and (iv) repatriated Iraqi assets seized by the United States and other nations. *See United States ex rel. DRC, Inc. v. Custer Battles, LLC*, 376 F. Supp. 2d 617, 26 (E.D. Va. 2005) *rev'd in part on other grounds and remanded*, 562 F.3d 295 (4th Cir. 2009)).

appellant signed Modification No. P0004, in which the U.S. Government once again promised to pay appellant $254,903.92 (R4, tab 7 at 16). This modification stated that the settlement would be funded from "seized assets and vested funds of the former Iraqi regime" (*id.* at 17). Despite this apparent control of the settlement money, the government again failed to come through with the payment. Over the next 12 months, appellant repeatedly inquired about the status of payment but the government transferred the file to the Army Contracting Command – Rock Island; personnel at this office told appellant that the matter was under review (R4, tabs 43-49). On 6 May 2013 a contracting officer at Rock Island issued a final decision stating that "[t]he information provided to the government in support of your claim has been sparse and we are unable to process the claim due to the poor quality of documentation provided and several potential irregularities" (R4, tab 8). The contracting officer did not mention the signed, bilateral, modifications, nor did she state that the government was not paying because the U.S. Government was not a party to the contract. The decision contained the standard language informing appellant that it could appeal to the Board or file suit in the Court of Federal Claims. (*Id.*)

## DECISION

Under the Contract Disputes Act, 41 U.S.C. §§ 7101(8), 7102(a), the Board possesses jurisdiction to consider appeals on contracts awarded by executive agencies. In general, an appellant need only make a non-frivolous allegation of a contract with an executive agency to establish our jurisdiction. *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1353 (Fed. Cir. 2011). The government relies on our decisions in *MAC International FZE*, ASBCA No. 56355, 10-2 BCA ¶ 34,591 (*MAC I*) and *MAC International FZE*, ASBCA No. 56355, 13 BCA ¶ 35,299 (*MAC II*), in which we held that we lacked jurisdiction to consider claims on contracts awarded by the CPA because the CPA was an international entity, not an executive agency of the United States.

Appellant does not challenge our *MAC* decisions. Rather, it contends that the U.S. Government became a party to the contract through Modification No. A00002. As we found above, in proposing this modification, the contracting officer stated, in part, that he was making an offer on behalf of the U.S. Government. The contracting officer inserted language in the modification in which appellant released its claims against the United States. Appellant contends that once the United States became a party to the contract, it could be held liable for the failure to pay.

Appellant's argument is novel, but this was an unusual situation given the *sui generis* nature of the CPA and the management of its contracting functions by U.S. Government personnel. As the Federal Circuit explained in *Engage Learning*, "a dispute over the scope of an acknowledged contract [and] the determination of

3

whether or not a contract in fact exists is not jurisdictional; it is a decision on the merits." *Engage Learning*, 660 F.3d at 1355. Thus, for purposes of the present motion, we need not decide whether the parties established a contractual relationship between the United States and appellant, only whether appellant has made a non-frivolous allegation of such a relationship.

To demonstrate that it entered into a contract with the United States, a merits issue, appellant must show a mutual intent to contract, including an offer, acceptance, and consideration, and that the government official who entered or ratified the contract had actual authority to bind the government. *Trauma Service Group v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997). The government agrees that LT Fox was a contracting officer and does not otherwise challenge his authority to act on behalf of the United States. Appellant has produced evidence that LT Fox stated in his 25 November 2006 email that he was making an offer on behalf of the governments of Iraq and the United States, which appellant accepted by signing the tendered Modification No. A00002.

Appellant has alleged that the United States received consideration because appellant released all of its claims against the United States. While that release may not seem to be worth much given our subsequent rulings in *MAC I & II* that the United States is not responsible for the unpaid contracts of the CPA, that is not the way such things are evaluated. Forbearance of a claim can be consideration if the forbearing party believed in good faith at the time that its claim is valid. This is so even if a court later finds otherwise. *Road and Highway Builders, LLC v. United States*, 702 F.3d 1365, 1368, 1370 (Fed. Cir. 2012) (citing RESTATEMENT (SECOND) OF CONTRACTS § 74 cmt. b (1981)). There is no suggestion that appellant acted in bad faith.

Based on this analysis, we hold that appellant has met the standard for establishing Board jurisdiction under *Engage Learning*. Specifically, it has made non-frivolous allegations of an offer, acceptance, consideration, and contracting authority. We are not deciding whether appellant has proven the existence and breach of a contract for which it is entitled to relief. These are merits determinations.

## CONCLUSION

The government's motion is denied.

Dated: 12 May 2016

MICHAEL N. O'CONNELL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58659, Appeal of Leviathan Corporation, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals